IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

JOSEPH PNIEWSKI,

    Plaintiff,

v.                                                             Civil Action No.: 3:12-cv-4675

CITY OF HUNTINGTON,
DANA COWELL, JAMES LEIST AND
RYAN BENTLEY
IN BOTH THEIR PERSONAL CAPACITIES AND THEIR
OFFICIAL CAPACITIES AS OFFICERS OF THE
HUNTINGTON POLICE DEPARTMENT,

    Defendants.

## COMPLAINT

Plaintiff Joseph Pniewski, for his complaint against the defendants states as follows:

## I.    NATURE OF THE CASE

1. This civil rights action challenges as unconstitutional the Huntington Police Department's ("HPD") warrantless arrest and detention of plaintiff Joseph Pniewski. It also challenges the search, seizure and destruction of Mr. Pniewski's property based upon his exercise of rights under the federal and West Virginia Constitutions to document the conduct of HPD officers performing their public duties in a public place.

## II.    JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked under 28 U.S.C. §§1343 et. seq. This action at law for money damages arises under 42 U.S.C. §§ 1983, 1988, the United States

Constitution, the laws and Constitution of West Virginia and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiff by said statutes and by the First, Fourth, Fifth and Fourteenth Amendments of the Unites States Constitution. This Court has jurisdiction over Plaintiff's claims for violations of his federal constitutional rights pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3).

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367(a) because these claims arise out of the same set of facts as the federal claims such that all claims form part of the same case or controversy.

4. Venue lies in this District pursuant to 28 U.S.C. § 1391(e) because a substantial part of the events giving rise to the claim occurred in the Cabell County which is located in the Southern District of West Virginia.

### III. PARTIES

5. Plaintiff Joseph Pniewski was at all times relevant to this Complaint a resident of Cabell County, West Virginia and subject to the unlawful actions of the Defendants.

6. Defendant City of Huntington is a municipal corporation established by the laws of West Virginia. Pursuant to West Virginia law, the City created a police force, the Huntington Police Department. HPD is subject to the authority, control and discipline of its administrative authority, the City of Huntington. The City of Huntington is a "person" as that term is defined in 42 U.S.C. § 1983.

7. Defendants Dana Cowell, James Leist and Ryan Bentley are police officers employed by HPD. They are "persons" within the meaning of 42 U.S.C. § 1983 and at all relevant times were acting under color of state law. They are sued in both their individual and official capacities.

IV. **FACTS**

8. Joseph Pniewski is a resident of Huntington, WV.

9. On September 29, 2011, Joseph Pniewski witnessed a car and its occupants being searched by HPD officers in a public Alley near Northcott Court in Huntington, WV.

10. Mr. Pniewski, who lives close to Northcott Court, is a freelance investigative journalist. He began videotaping the search.

11. Shortly after he began taping, HPD officer Dana Cowell approached Mr. Pniewski and asked what he was doing.

12. Mr. Pniewski explained that he was videoing for the purpose of community response and to assess if the officers were conducting their job properly.

13. At this point, Officer Cowell asked Mr. Pniewski to "go around the corner" to a place where he would be out of sight of the officers.

14. Mr. Pniewski agreed to back up and moved back a significant distance.

15. Officer Cowell then ordered Mr. Pniewski to move around the corner.

16. Mr. Pniewski then asked if he was not allowed to record to which officer Cowell responded "yes."

17. Mr. Pniewski then backed up even further away from the car search.

18. Officer Cowell continued to order Mr. Pniewski to move to an area where the car search could not be filmed and Mr. Pniewski offered to move back even more if needed.

19. Officer Cowell then stated his concern was for his safety. Mr. Pniewski responded that the officer could search him because he did not have a weapon.

20. Officer Cowell then arrested Mr. Pniewski because "its this simple, I told you to leave the area."

21. Mr. Pnewiski was then roughly and tightly handcuffed which caused injuries to his wrist and hands.

22. He was then placed in the back of an HPD cruiser.

23. After this illegal arrest, Mr. Pniewski began having chest pains. Several times, he politely asked officer Cowell to call 911 due to this chest pain. Officer Cowell informed him he was not going to the hospital but to jail.

24. After continuously being denied medical treatment, Mr. Pniewski kicked the rear passenger window of the police car and demanded medical attention.

25. At this point, an ambulance was called and Mr. Pnewiski was transported to the hospital where he was treated for his chest pain, elevated CK and myoglobin enzyme levels, and wrist lacerations from handcuffs placed too tight.

26. During the time Mr. Pniewski was being illegally held in the police car, HPD officer Bentley seized Pniewski's video camera he had placed on the ground when being arrested. Bentley then took the camera to where officers Cowell and Leist were huddled around the car. One of the officers then erased the video footage Mr. Pniewski shot while filming the car search and Officer Cowell's confrontation with Mr. Pniewski.

27. While Mr. Pniewski was at the hospital, Officer Cowell traveled to Cabell County Magistrate Court and had three arrest warrants issued against Mr. Pniewski for: 1) Obstructing; 2) Destruction of Property; and, 3) Disorderly Conduct.

28. Mr. Pniewski was admitted to the hospital overnight and released the next day. Before he could leave the hospital, two HPD officers arrested him at Cabell Huntington Hospital and took him to jail.

29. On January 12, 2012, a special prosecutor dismissed all three charges against Mr. Pniewski based upon "prosecutor's discretion."

## V.   ALLEGATIONS

**A. Huntington Police Department have Engaged in a Pattern or Practice of Denying the First Amendment Rights to those that Videotape their Official Duties.**

30. Observing and recording public police activities, without interfering with those duties, is a legitimate means of gathering information for public dissemination and is therefore speech protected by the First Amendment to the United States Constitution.

31. By detaining Mr. Pniewski, seizing his video camera, and deleting the footage on the camera, the officers retaliated against Mr. Pniewski for exercising his right to free speech.

32. Officers Cowell, Leist and Bentley acted under the Huntington Police Department's policy practice or custom when they detained Mr. Pniewski, seized his video camera, searched the camera, and destroyed the footage stored on the camera.

33. HPD caused these constitutional violations by implementing, following, or failing to remedy a policy, practice, or custom that encouraged the restriction of individual's rights protected by the First Amendment. Moreover, in the absence of

judicial intervention, these defendants will continue to cause similar constitutional violations by implementing, following, or failing to remedy the illegal pattern.

34. As a result of defendants' retaliation against Mr. Pniewski's constitutionally protected speech, he suffered damages including emotional trauma, humiliation, distress, and damage to personal property.

35. As an investigative journalist, Mr. Pniewski's speech protected by the First Amendment is chilled by the defendant's policy of barring video recordings of police officers performing official duties in public.

**B. Huntington Police Department have Engaged in a Pattern or Practice of Misapplication of West Virginia Obstruction Law by Falsely Arresting Persons for this Crime without any Supporting Evidence.**

36. The Huntington Police Department maintains a policy, practice, or custom that guides police officers to arrest persons for obstruction even though no such crime has been committed.

37. In West Virginia, "obstructing" is a crime wherein "any person who by threats, menaces, acts or otherwise, forcibly of illegally hinders or obstructs, or attempts to hinder or obstruct, any law-enforcement officer, probation officer or parole officer acting in his or her official capacity. W.Va. Code § 61-5-17(a).

38. Mr. Pniewski's phantom arrest for "obstructing" was not an isolated incident. HPD officers have repeatedly used the obstructing charge as an add-on to other charges, or as in this case, a reason to arrest without any criminal activity being committed.

6

# COUNT I
## CIVIL RIGHTS VIOLATION

(Unlawful Restraint of First Amendment, Taking Property Without Due Process, Unlawful Search And Seizure Of Person And Property – 42 U.S.C. § 1983)

39. Plaintiff refers to and re-pleads each and every allegation contained in paragraphs 1 through 38 of this complaint, and by this reference incorporates the same herein and make each a part hereof.

40. The officers unlawfully detained Plaintiff, seized his video camera, and deleted his video without any lawful justification.

41. The officers actions were objectively unreasonable, excessive, and unwarranted in violation of Plaintiff's clearly established right to observe and record public police activities, without interfering with those duties, as a legitimate means of gathering information for public dissemination, and the rights to right to be free from unlawful search, seizure and takings, that a reasonable officer would have known, pursuant to the First and Fourth and Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of West Virginia.

42. Officer Cowell's actions were willful, wanton, intentional, malicious and done with callous or reckless disregard for Mr. Pniewski's constitutional rights.

## COUNT II
CIVIL RIGHTS VIOLATION

(False Arrest– 42 U.S.C. § 1983)

43. Plaintiff refers to and re-pleads each and every allegation contained in paragraphs 1 through 42 of this complaint, and by this reference incorporates the same herein and make each a part hereof.

44. Officer Cowell unlawfully detained and/or arrested Mr. Pniewski without probable cause, without reasonable articulable suspicion and under circumstances where no reasonable police officer would have believed that the arrest was lawful.

45. Officer Cowell's actions were objectively unreasonable, excessive and unwarranted in violation of the Plaintiff's clearly established rights of which a reasonable police officer would have known, pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and Article III, Section 6 of the Constitution of West Virginia.

46. Officer Cowell's actions were willful, wanton, intentional, malicious and done with callous or reckless disregard for Mr. Pniewski's constitutional rights.

## COUNT III
CIVIL RIGHTS VIOLATION

(Excessive Force– 42 U.S.C. § 1983)

47. Plaintiff refers to and re-pleads each and every allegation contained in paragraphs 1 through 46 of this complaint, and by this reference incorporates the same herein and make each a part hereof.

48. Any use of force against Mr. Pniewski, and the degree of force actually used against him, was objectively unreasonable, excessive and unwarranted and violated the Plaintiff's clearly established rights, which a reasonable police officer should have known pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and the Constitution of West Virginia.

49. Officer Cowell's actions were willful, wanton, intentional, malicious and done with callous or reckless disregard for Mr. Pniewski's constitutional rights.

### COUNT IV
### MUNICIPAL LIABILITY

50. Plaintiff refers to and re-pleads each and every allegation contained in paragraphs 1 through 49 of this complaint, and by this reference incorporates the same herein and make each a part hereof.

51. The above-described deprivation of Mr. Pniewski's constitutional rights were caused by implementation of customs, policies, or official acts of the Defendant City of Huntington; to wit: Permitting police officers to engage in law enforcement contacts without supervision, failure to adequately train, supervise and discipline its police officers regarding probable cause for an arrest, lawful detention, lawful detention and the proper use of force to effect an investigative detention and/or arrest.

52. The City of Huntington, by these acts and omissions has exhibited deliberate indifference to the unreasonable risk of the unlawful deprivation of citizens' constitutional rights which its customs and policies pose.

53. Its customs and policies violate the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution and its West Virginia counterparts.

54. The customs, practices and policies of the City of Huntington were the direct and proximate cause of the injuries and constitutional violations of which Plaintiff complains.

## COUNT IV
### STATE LAW CLAIMS

55. Plaintiff refers to and re-pleads each and every allegation contained in paragraphs 1 through 54 of this complaint, and by this reference incorporates the same herein and make each a part hereof.

56. The above-described actions constitute the following state law claims against police officers Cowell, Leist and Bentley:

    A. Invasion of privacy;
    B. Conversion; and,
    C. Outrage

57. The above-described actions constitute the following state law claims against only police officer Cowell:

    A. False Arrest and Illegal Imprisonment
    B. Assault and Battery

58. The above-described actions constitute the following state law claims against the City of Huntington:

    A. Negligent Hiring;
    B. Negligent Retention; and,
    C. Negligent Supervision.

**PRAYER FOR RELIEF**

Wherefore, based upon the above stated facts, Plaintiff requests the Court to:

A. Order the City of Huntington to create a new policy on the First Amendment rights of citizens during encounters with HPD officers that:

1. Affirmatively sets forth the First Amendment right to record police activity;

2. Describes the ranges of prohibited responses to individuals observing of recording HPD officers;

3. Clearly describes when an individual's actions amount to interference with police duties;

4. Provides clear guidance for supervisory review;

5. Describes when it is permissible to seize recordings and recording devices.

B. Order the City of Huntington to create a new policy on the crime of obstruction that:

1. Affirmatively sets forth the First Amendment right to record police activity;

2. Informs the HPD officers of the element of "obstruction" in West Virginia, provides examples of applications of facts to the elements and provides examples of actions that are, and are not, obstruction.

C. Damages against the Defendants in an amount to be determined at trial that will fairly and reasonably compensate him for:

1. Past, present and future medical expenses and lost wages;

2. Past, present and future pain suffering, loss of enjoyment of life, annoyance, aggravation and psychological distress, and

3. Any other compensatory damages to be proven at trial.

D. Punitive damages against Police officers in an amount to be determined at trial:

1. Reasonable attorneys' fees and costs;

2. Any other relief that this Court deems just and fair; and,

3. All other damages provided by law.

**PLAINTIFF DEMANDS A JURY TRIAL**

JOSEPH PNIEWSKI,
An Individual

By Counsel: s/Richard Weston
Richard W. Weston (WVSB #9734)
Connor Robertson (WVSB #11460)
Weston Law Office
621 Sixth Avenue
Huntington, WV 25701
304.522.4100

By Counsel: s/Courtenay Craig
Courtenay Craig (WVSB# 8530)
10 W Sixth Avenue Ste. 300
Huntington, WV 25701
304.697.4422